THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE BYE,<br><br>        Plaintiff,<br>   v.<br><br>AUGMENIX, INC.,<br><br>        Defendant. | CASE NO. C18-1279-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.    BACKGROUND**

The Court has previously described the factual background of this case, and will not repeat it here. (*See* Dkt. No. 17 at 1–3.) Plaintiff Stephanie Bye filed this lawsuit against her former employer, Defendant Augmenix, Inc., alleging the common law tort of unlawful termination in violation of public policy (hereinafter the "wrongful termination claim"), as well as disparate treatment discrimination on the basis of gender and age pursuant to the Washington Law Against Discrimination ("WLAD"), Revised Code of Washington section 49.60.030. (Dkt. No. 1-1 at 6–8.) Defendant filed a motion for judgment on the pleadings asserting that the complaint failed to state a claim upon which relief could be granted. (Dkt. No. 13.) The Court

ORDER
C18-1279-JCC
PAGE - 1

1  granted the motion in part—it dismissed the wrongful termination claim with leave to amend,
2  and denied dismissal on the WLAD claims. (*See* Dkt. No. 17.)

3  Plaintiff timely filed an amended complaint. (Dkt. No. 19.) Defendant again moves to
4  dismiss Plaintiff's wrongful termination claim, asserting that the amended complaint fails to cure
5  the defects identified in the Court's prior order. (Dkt. No. 20.) Plaintiff counters that the
6  amended complaint "set[s] forth a plausible claim for wrongful termination in violation of public
7  policy." (Dkt. No. 21 at 13.)

## II. DISCUSSION

In its prior order, the Court characterized Plaintiff's wrongful termination claim as being premised on a whistle-blowing theory—specifically, that she was terminated in retaliation for reporting Defendant's misconduct. (Dkt. No. 17 at 4–5.) The Court provided two reasons for why Plaintiff's theory failed to state a plausible wrongful termination claim. (*Id*. at 6.) First, the Court stated that "the complaint does not contain any allegations explaining how the misconduct Plaintiff reported violated the letter or policy of a specific law or regulation." (*Id*.) A wrongful termination claim premised on a whistle-blowing theory must plead and prove that Defendant's misconduct violated a clear mandate of public policy that is articulated in a "court decision, statute, or regulation." *Martin v. Gonzaga Univ.*, 425 P.3d 837, 844 (Wash. 2018). Second, the Court stated that "the complaint does not contain sufficient factual allegations to demonstrate that Plaintiff was reporting misconduct of Defendant, as opposed to Defendant's employees." (Dkt. No. 17 at 6.) Under Washington law, a whistleblower theory must be premised on an *employer's* misconduct. *See Martin*, 425 P.3d at 843 (wrongful termination in violation of public policy is implicated "where employees are fired in retaliation for reporting employer misconduct.").

Having reviewed the amended complaint, the Court finds that Plaintiff has plausibly alleged a wrongful termination in violation of public policy claim. The amended complaint contains several allegations describing how the misconduct Plaintiff reported violated the law.

Plaintiff alleges that her direct supervisor and other employees were involved in a sales scheme (the "Sonoscape scheme") that constituted fraud under state and federal law, and violated regulations of the Affordable Care Act, the Anti-kickback Statute, 42 U.S.C. § 1320a-7b, and federal regulations regarding medical device labeling, 21 C.F.R. § 801. (Dkt. No. 19 at 8–10.) Furthermore, the amended complaint contains factual allegations that plausibly demonstrate that the Sonoscape scheme violated the laws and regulations Plaintiff identifies.[1] (*See generally* Dkt. No. 19.)

The Court also finds that the amended complaint contains sufficient allegations to plausibly establish that Defendant, as opposed to solely its employees, was responsible for the misconduct Plaintiff reported. Plaintiff alleges that the unlawful Sonoscape scheme "benefited Augmenix by inducing additional sales." (Dkt. No. 19 at 4.) Plaintiff further alleges that the Sonoscape scheme was "organized and coordinated, at least in part, by Mr. Viselli and, at a minimum, tacitly approved by Augmenix." (*Id.*) Plaintiff asserts that Defendant "knew of" the Sonoscape scheme because it "ostensibly admonished such behavior once it was somewhat exposed," but did nothing when Mr. Viselli and other employees "undertook efforts to modify and expand their unlawful operation." (*Id.* at 5.) Plaintiff asserts that Defendant "approved of the scheme because it was generating significant revenue for the company." (*Id.*)

Plaintiff states that she voiced concerns about the Sonoscape scheme to several of Defendant's senior executives. (*Id.* at 6.) Plaintiff told these executives that "members of her team were using Mr. Chamber's ultrasound equipment as part an enticement for would-be customers to purchase SpaceOAR." (*Id.*) Plaintiff also talked to these executives about "the conflict of interest inherent in an employee of Augmenix supplying complimentary disposable and implantable equipment." (*Id.*) Plaintiff was terminated a few months after making her reports to Defendant's senior executives. (*Id.*) Plaintiff alleges that "[o]n information and belief, other

---

[1] Defendant's motion to dismiss does not appear to challenge that the amended complaint satisfies this aspect of the Court's prior order. (*See generally* Dkt. No. 20.)

Augmenix managers and officers were aware of [her] complaints and approved her termination in order to obscure Augmenix's unlawful acts, from which Augmenix was profiting." (*Id*.) Plaintiff further alleges that Mr. Viselli told another employee that Defendant terminated Plaintiff because she would not cooperate in the sales scheme and "couldn't keep her mouth shut." (*Id*. at 7.)

Accepting these allegations as true, Plaintiff has plausibly alleged that Defendant knew of the alleged Sonoscape scheme and terminated Plaintiff when she expressed concerns about it to Defendant's executives. Defendant's arguments to the contrary are unavailing. Defendant first argues that Plaintiff has not alleged sufficient facts to allow the Court to impute Mr. Viselli's wrongful conduct to Defendant. (Dkt. No. 22 at 2.) But the facts alleged in the amended complaint allow the Court to reasonably infer Defendant's knowledge and approval of the alleged Sonoscape scheme without imputing Mr. Viselli's conduct to Defendant.

Defendant next asks the Court to discount some of the facts alleged in the amended complaint because they are inconsistent with the original complaint. (*Id*. at 2–3.) The Court will not conduct the kind of side-by-side comparison that Defendant requests—the proper inquiry at the motion to dismiss stage is to accept the allegations of the amended complaint as true and ask whether it states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997) ("[an] amended complaint supersedes the original, the latter being treated thereafter as non-existent."). As the Court has already explained, the amended complaint contains sufficient factual allegations that establishes a claim that is plausible on its face.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 20) is DENIED.

//

//

//

ORDER
C18-1279-JCC
PAGE - 4

1      DATED this 14th day of January 2019.


A
John C. Coughenour
UNITED STATES DISTRICT JUDGE